UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NORMAN DANIELS,

    Plaintiff,                                            Hon. Janet T. Neff

v.                                                              Case No. 1:10-CV-565

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Award of Attorneys Fees Pursuant to the Equal Access to Justice Act. (Dkt. #16). Plaintiff's counsel seeks $3,678.63 in fees and costs, as detailed in Plaintiff's application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not simply entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Damron v. Commissioner of Social Security*, 104 F.3d 853, 855 (6th Cir. 1997).

The burden rests with the Commissioner to establish that his position was substantially justified, *see Secretary, United States Department of Labor v. Jackson County Hospital*, 2000 WL 658843 at *3 (6th Cir., May 10, 2000), defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir., Sept. 22, 1997); *see also*, *Couch v. Sec'y of Health and Human Services*, 749 F.2d 359, 359 (6th Cir. 1984).

On November 19, 2010, the parties stipulated to remand this matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. #13). The Honorable Janet T. Neff granted the requested relief and judgment was entered in Plaintiff's favor. (Dkt. #14-15). Plaintiff's counsel now moves the Court for an award of attorney's fees pursuant to the EAJA. Defendant has not responded to the present motion. Because the Commissioner has failed to respond to the present motion, he has failed to demonstrate that his position in this matter was substantially justified. The Court also finds that there does not exist any "special circumstances" making an award of fees "unjust." Thus, counsel is entitled to fees under the EAJA. However, as detailed below the undersigned finds that counsel's request is excessive.

In his application, Plaintiff's counsel seeks an award of $3,678.63. Specifically, counsel asserts that he expended 21 hours on this matter for which he seeks an hourly rate of $175.16. While the Court finds the number of hours expended by counsel to be reasonable, the hourly rate upon which counsel's claim is based is inappropriate. The relevant statute provides that "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Counsel bears the burden of "producing appropriate evidence to support the requested increase." *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009).

While counsel has submitted evidence that he (and other practitioners) often earn in excess of $200 per hour, such does not establish that "an increase in the cost of living or a special factor. . .justifies a higher fee." The undersigned recommends, therefore, that counsel's award be based upon an hourly rate of $125 and that he be awarded fees and costs in the amount of $2,625.00 ($125 multiplied by 21 hours). Accordingly, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion for fees and costs pursuant to the EAJA be **granted in part and denied in part**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: April 13, 2011  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge